**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
EUGENE MESSERSCHMIDT, et al,   )
                               )
            Plaintiff,         )
                               )
        v.                     )    Civil Action No. 03-2421
                               )              (EGS)
UNITED STATES OF AMERICA,      )
                               )
            Defendant.         )
_____)
```

**MEMORANDUM OPINION**

Plaintiffs Eugene and Carolyn Messerschmidt bring this suit alleging that the United States and Defendant Bergman solicited and submitted false affidavits in a patent infringement suit plaintiffs commenced in the United States Claims Court in 1989. Pending before this Court is defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("defendants' motion") and plaintiffs' Cross-Motion for Summary Judgment and Motion to Dismiss ("plaintiffs' cross-motion"). Upon consideration of the parties' motions, the responses, replies, supplemental responses and replies thereto, and for the reasons detailed below, this Court concludes that defendants' Motion to Dismiss should be **GRANTED** and plaintiffs' cross-motion should be **DENIED**.

**I.   BACKGROUND**

In 1989, Plaintiff Eugene Messerschmidt brought a *pro se* patent infringement suit in the United States Claims Court against the United States government and the government's contractors claiming that computer-aided helicopter control systems the U.S. and its contractors had developed infringed on plaintiff's patent for a one-handed helicopter pilot control device. *See Messerschmidt v. United States*, 29 Fed. Cl. 1 (1993).[1] In defending against the patent infringement suit, the United States, represented by attorney William Bergmann, among others, submitted a number of expert affidavits to support the government's defense that the patent was invalid, or in the alternative, that the patent had not been infringed. *Id.* at 13-14.

In a lengthy and thorough opinion, the U.S. Court of Federal Claims denied plaintiff's motion for summary judgment and granted the government's cross-motion for summary judgment, finding first that the patent was invalid and, in the alternative, that the

---

[1] Plaintiffs did not include the published opinion for the patent infringement case with their complaint, but the complaint references and cites to that case. Thus, because the complaint references the opinion and because the opinion is a matter of public record, the Court's consideration of that opinion will not convert this to a summary judgment decision for purposes of Fed. R. Civ. P. 12(c).

patent had not been infringed.[2]  *Id.* at 66.  In concluding part of its analysis of the patent's validity, the court stated

> Therefore, in light of the prior art solutions to cross-coupling disclosed in the heretofore mentioned prior art references, and based upon affidavits of the defendant's experts as to the obviousness of plaintiff's invention, and in view of the lack of evidence to the contrary by the plaintiff as well as the plaintiff's own admissions of obviousness, this Court concludes that all of the claims of the invention disclosed by the '560 patent would have been obvious to those persons possessing ordinary skill in the art of helicopter system technology.

*Id.* at 40.

Plaintiffs appealed that ruling to the U.S. Court of Appeals for the Federal Circuit, which affirmed the judgment of the lower court in an unpublished decision.  *See Messerschmidt v. United States*, 14 F.3d 613 (Table), 1993 WL 481139 (Fed. Cir. Nov. 23, 1993).

On November 20, 2003, plaintiffs Eugene and Carolyn Messerschmidt filed the instant action, seeking "equitable and compensatory relief for economic harm caused by the defendants' lying under oath, conspiracy to commit fraud, and willing participation and complicity in solicitation and publication of affidavits in Messerschmidt v. US, 642-89C ..."  Compl. ¶1.[3]

---

[2] In 1992, the United States Claims Court became the United States Court of Federal Claims.

[3] Plaintiffs filed their complaint *pro se* and simultaneously filed a motion for appointment of counsel.  After initially denying the motion for appointment of counsel, this Court granted plaintiffs' request on April 22, 2004 and ordered that an

Plaintiffs initially brought suit against the United States, William Bergmann, and six other individuals.  Shortly after filing their complaint, however, plaintiffs filed a Motion to Remove Parties Defendants, asking the Court to dismiss all the individual defendants except William Bergmann.  *See* Pl. Motion to Remove Parties Defendants (Dec. 9, 2003).  The Court granted that motion as unopposed.

In defendants' instant motion, defendants argue that the United States should be substituted for the remaining individual defendant, William Bergmann, because the Attorney General or his designee has certified that Mr. Bergmann was acting within the scope of his employment at the time of the alleged wrongful conduct, pursuant to 28 U.S.C. 2679(d)(1).  Def. Memo. at 10.  Plaintiffs do not object to the substitution of the United States for Mr. Bergmann.  Pl. Cross-Motion at 3.  Thus, the United States is the only remaining defendant in this action.

---

attorney from the Court's Civil Pro Bono Panel be appointed to represent plaintiffs.  On June 1, 2004, appointed counsel filed a notice of withdrawal.  The Court then granted plaintiffs' motion to appoint Alternate Counsel on June 9, 2004.  Another attorney was appointed and filed his appearance on July 14, 2004.  The Court thereafter ordered that the parties be afforded an opportunity to file supplemental responses and replies to the dispositive motions that had been previously filed.

**II.   STANDARD OF REVIEW**

Defendant moves to dismiss plaintiffs' complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6).  In the alternative, defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.

**1.   Rule 12(b)(1)**

"Because subject-matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Uberoi v. EEOC*, 180 F. Supp. 2d 42, 44 (D.D.C. 2001).  Accordingly, "the plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim."  *Id.*  The D.C. Circuit instructs that when a motion to dismiss "present[s] a dispute over the factual basis of the court's subject matter jurisdiction," the Court:

> may not deny the motion to dismiss merely by assuming the truth of the facts alleged by the plaintiff and disputed by the defendant.  Instead the court must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss.

5

*Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000).

### 2. Rule 12(b)(6)

When considering a Rule 12(b)(6) Motion to Dismiss, the Court construes the facts in the complaint as true and construes all reasonable inferences in the light most favorable to the plaintiff. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 508 (2002). A Motion to Dismiss is granted and the complaint dismissed only if no relief could be granted on those facts. *See Sparrow v. United Air Lines Inc.,* 216 F.3d 1111, 1114 (D.C. Cir. 2002).

A defendant may raise the affirmative defense of a statute of limitations via a Rule 12(b)(6) motion for failure to state a claim upon which relief may be granted when the facts giving rise to the defense are apparent on the face of the complaint. *U.S. ex. rel. Purcell v. MWI Corp.,* 254 F. Supp. 2d 69, 73 (D.D.C. 2003).

### 3. Rule 56

Pursuant to Federal Rule of Civil Procedure 56, summary judgment should be granted only if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). Likewise, in ruling on cross-motions for summary judgment, the court shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed. *See Rhoads v. McFarran*, 517 F.2d 66, 67 (2d Cir. 1975).

**III. DISCUSSION**

**A.    Motion to Dismiss**

Defendant sets out several arguments in support of its motion to dismiss.[4] First, defendant argues plaintiffs' claims are based on tort claims, liability for which the United States has not waived sovereign immunity. Second, defendant contends plaintiffs' claims are barred by the statute of limitations. Finally, defendant maintains plaintiffs' claims are precluded by

---

[4] In addition to the arguments discussed in this Memorandum Opinion, defendant urges this Court to dismiss plaintiffs' allegations as *argumentum ad absurdum,* or arguments based on absurdity. Def. Motion at 3. Defendant contends plaintiffs' claims amount to "assertions that counsel and the experts knowingly prepared and filed experts affidavits [sic], which in various terms declared that helicopter control systems crash, and therefore they are not always under full pilot control at all times." While the Court may be inclined to agree that some, if not all, of the allegations in plaintiffs' complaint are illogical, the Court need not reach the merits of defendant's argument of absurdity in light of the Court's legal conclusions based on defendant's other arguments discussed herein.

the doctrine of collateral estoppel.

**1. Sovereign Immunity**

It is well settled that sovereign immunity bars all actions against the United States except where there is an explicit statutory waiver of such immunity. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Testan,* 424 U.S. 392, 399 (1976); *Cox v. Secretary of Labor,* 739 F. Supp. 28, 30 (D.D.C. 1990). The Federal Tort Claims Act, 28 U.S.C. 1346(b), 2671-80 ("FTCA"), is one such waiver, exposing the United States to liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." The FTCA, however, contains exceptions to the waiver of sovereign immunity; for example, the United States is not liable under the FTCA for "any claim arising out of assault, battery, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." *See* 28 U.S.C. 2680(h).

Though plaintiffs' complaint does not enumerate specific causes of action against the defendant, defendants contend the plaintiffs' allegations of "conspiracy to commit fraud, and willing participation and complicity in solicitation and

publication of affidavits ..." and "breach of public trust, egregious abuse of the judicial system, obstruction and/or subversion of justice ..." amount to claims of abuse of discretion, misrepresentation, deceit, or interference with contract rights and fall squarely within the FTCA's exceptions to the waiver of sovereign immunity.  Pl. Compl. ¶¶ 1,4; Def. Memo at 12.

Plaintiffs respond that the exceptions to the FTCA's waiver of sovereign immunity do not apply to their claims in this case and cite *Block v. Neal*, 460 U.S. 289, 297 (1983), where the Supreme Court stated

> Section 2680(h) thus relieves the Government of tort liability for pecuniary injuries which are wholly attributable to reliance on the Government's negligent misstatements.  As a result, the statutory exception undoubtedly preserves sovereign immunity with respect to a broad range of government actions.  But it does not bar negligence actions which focus not on the Government's failure to use due care in communicating information, but rather on the Government's breach of a different duty.

The plaintiffs also cite *United States v. Shearer*, 473 U.S. 52, 56-57 (1985) and submit that in that case the Supreme Court cited with approval *Panella v. United States*, 216 F.2d 622 (2d Cir. 1954) "for the proposition that 'the Government may be held liable for negligently failing to

prevent the intentional torts of a non-employee under its supervision.'"  Pl. Supp. Reply at 3.

Plaintiffs' reliance on these cases is misplaced. First, in *Block*, the plaintiff brought suit against the Farmers Home Administration ("FmHA") after FmHA officials inspected and approved her new home prior to her moving in and defects in the home were later discovered.  *Block*, 460 U.S. at 292.  The defendant government argued that plaintiff's claim was one for misrepresentation and thus excluded from the FTCA's waiver of sovereign immunity under 28 U.S.C. § 2680(h).

The Supreme Court first noted that "the essence of an action for misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies."  *Id.* at 296. The Court went on to hold that plaintiff's "claim against the government for negligence by FmHA officials in supervising the construction of her house does not 'aris[e] out of ... misrepresentation' within the meaning of 28 U.S.C. § 2680(h)."  *Id.* at 298.

In the case at bar, on the other hand, plaintiffs' claims are based on the intentional communication of misinformation by the government and do not allege a

separate duty owed to them by the government, such as the duty FmHA owed to the *Block* plaintiff to properly supervise and approve the construction of her home.

Similarly, plaintiffs' reliance on *Panella v. United States*, 216 F.2d 622 (2d Cir. 1954), for the proposition that the government may be liable in negligence for failure to prevent intentional torts of non-employees under its supervision, is unavailing. Plaintiffs overlook the fact that what they are alleging is not negligent supervision but rather the intentional tortious conduct of the United States. In fact, in their motion to dismiss the claims against the experts, plaintiffs state that the individual defendants "should be removed [from the Complaint], because they submitted false affidavits only upon the request and for the benefit of U.S. Attorney William C. Bergmann, who was solely responsible for their publication." Pl. Motion to Remove Parties Def. at 1.

Thus, plaintiffs' allegations, which amount to intentional torts conducted by the United States in the patent infringement case, are claims for which the United States has not waived sovereign immunity. Defendant is therefore entitled to judgment as a matter of law on those

claims.

### 2. Statute of Limitations

The federal statute of limitations, 28 U.S.C. § 2401 provides,

> (a) Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.  The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.
>
> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Defendants argue in their motion to dismiss that even if the United States has waived sovereign immunity for any of plaintiffs' claims, the time for bringing such claims has long since expired.  The instant action is based on alleged misconduct in the underlying patent infringement suit, which concluded at the latest in 1994 when the Supreme Court declined to entertain

an appeal from the appellate court's affirmance of judgment against plaintiffs. *See Messerschmidt v. United States*, 14 F.3d 613 (Table), 1993 WL 481139 (Fed. Cir. Nov. 23, 1993), *cert. denied*, 511 U.S. 1010 (1994).  Thus, Defendants submit, and the Court agrees, plaintiffs had at the latest six years from that time within which to bring suit against the United States.  For plaintiffs' claims sounding in tort, of course, the time period within which to bring suit was two years, in accordance with 28 U.S.C. 2401(b).  As this suit was commenced on November 20, 2003 – at least nine years after the denial of certiorari – plaintiffs' complaint is time-barred by the statute of limitations.

In order to avoid the statute of limitations bar, plaintiffs first reference *Elizabeth Trilling-Grotch, et al. V. Union Bank of Switzerland, et al.* and seem to make a due process argument that because that case was permitted to proceed more than fifty years after the underlying cause took place, this case should similarly survive.[5]  Pl. Cross-Motion at 3.  Plaintiffs' argument

---

[5] *Trilling-Grotch* was consolidated with several other class-action lawsuits brought by Holocaust victims and their survivors against Swiss banks alleging that the financial institutions collaborated with the Nazi regime during World War II.  The cases are consolidated under Master Docket No. 96 Civ. 4849.  *See, e.g., In re Holocaust Victims Assets Litigation*, 105 F. Supp. 2d 139, 141 (E.D.N.Y. 2000).

is wholly without merit.  *Trilling-Grotch* is a Holocaust victims lawsuit which involved a waiver of the statute of limitations as part of a class-action settlement.  *See In re Holocaust Victims Assets Litigation*, 105 F. Supp. 2d 139, 142 (E.D.N.Y. 2000).

Next, plaintiffs contend that the statute of limitations should be tolled under 28 U.S.C. § 2401(a) because Mr. Messerschmidt is a disabled veteran.  Pl. Supp. Reply at 2.  Again, this argument lacks merit.  Section 2401(a) provides that the claims of a person under a "legal disability" may be commenced within three years after the disability ceases.  As defendants point out, the term "legal disability" was substituted in the revisions to 28 U.S.C. § 2501 for "claims of married women, first accrued during marriage, of persons under the age of twenty-one, first accrued during minority, and of idiots, lunatics, and insane persons."  Def. Supp. Response at 5 (citing Revision Notes and Legislative Reports under 28 U.S.C.A. § 2501).  *See also Glenn v. U.S.*, 129 F. Supp. 914, 917-18 (S.D. Cal. 1955), *rev'd on other grounds*, 231 F.2d 884 (9th Cir. 1956), *cert. denied*, 352 U.S. 926 (1956)(citing Revision Notes and discussing history of the change in the statute's terminology to "legal disability").

Plaintiff's *medical* disability in no way tolls the statute

of limitations in this case.  Clearly Mr. Messerschmidt's disability does not rise to the level of mental incompetency, which is a legal disability, or otherwise prevent him from bringing suit: he prosecuted a patent infringement case against the United States through the trial and appellate levels during which time, by plaintiff's own admission, he suffered the same disability.  Pl. Supp. Reply at 2.

The Court finds that Plaintiffs' claims in this action are barred by the statute of limitations.

### 3. Collateral Estoppell

Briefly, defendant maintains that plaintiffs' claims in this case are precluded by the doctrine of collateral estoppel, which bars parties from relitigating issues previously decided on the merits in a prior action.  Defendant contends the issue of the veracity or falsity of the affidavits submitted by the government in the patent infringement action was necessarily an issue before the Court of Federal Claims and that that court implicitly found the affidavits to be truthful when it relied upon them to reach its decision in that case.  Def. Motion at 14-15.  Moreover, defendants note that plaintiffs argued the specific allegations in this case to the Federal Circuit when it appealed the Federal Claims Court's decision and that the appellate court decided the

issue when it held the plaintiffs' claims of "procedural improprieties" were "without merit." *See Messerschmidt v. United States*, 14 F.3d 613 (Table), 1993 WL 481139 (Fed. Cir. Nov. 23, 1993).

Construing the facts in the complaint as true and making all reasonable inferences in the light most favorable to the plaintiffs, as this Court must do on a motion to dismiss, the Court finds that the claims at issue were not necessarily squarely before the Court of Federal Claims and are therefore not precluded by collateral estoppel.

**B.   Summary Judgment**

For the reasons discussed above, the Court determines the plaintiffs' complaint should be dismissed for failure to state a claim upon which relief can be granted. Even if any of plaintiffs' claims were to survive the motion to dismiss, however, defendant would be entitled to judgment as a matter of law, in accordance with Federal Rule of Civil Procedure 56, because there are no material facts in genuine dispute in this case.

First, plaintiffs' complaint alleges that the government submitted expert affidavits they knew to be false because, in

essence, the experts testified the various helicopter control systems used by the government always allowed pilots to remain in control of the aircraft and those experts had to know that "helicopters experience situations when the aircraft crashes, thereby disproving [expert's] statement that a pilot always has control of the craft." Pl. Compl. at 4-5. Plaintiffs also take issue with expert testimony regarding helicopter control systems because other helicopter models, such as the Boeing Chinook and the Sikorsky H-53 and H-60 "suffered electrical failure when water seeped into the cockpit" or when "operated in close proximity to radio broadcast antennas." *Id.*

In addition to the circuitous and illogical nature of these arguments, plaintiffs utterly fail to connect their allegations of false affidavits to any economic harm they have suffered. More importantly, the Court finds that even if plaintiffs' allegations that the government knowingly submitted false affidavits in the patent infringement case are true – and again, there is no evidence in plaintiffs' complaint or pleadings that the government did any such thing – plaintiffs would be unable to show that the government's misconduct prejudiced them in any way with regard to the patent infringement suit. This is so because the Court of Federal Claims found that not only had there been no

patent infringement, the Messerschmidts' patent was <u>invalid</u>.  *See Messerschmidt v. United States*, 29 Fed. Cl. 1 (1993).  At least one of the Federal Claims Court's conclusions on invalidity does not appear to have been based on any expert affidavits and instead was based on a flaw in the patent itself.  *Id.* at 43 ("Therefore, in view of this Court's reading of claim one and of the specification of the patent-in-suit, as well as the plaintiff's statements and admissions regarding their interpretation, this Court finds no alternative but to find all of the claims of the '560 patent invalid for indefiniteness pursuant to 35 U.S.C. § 112, ¶ 2.")

Thus, there are no genuine issues of material fact in dispute that would entitle plaintiffs to relief and defendant is therefore entitled to judgment as a matter of law.

**IV.   CONCLUSION**

For the reasons set forth herein, it is hereby

**ORDERED** that defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment is **GRANTED**.  It is further

**ORDERED** that plaintiffs' Cross-Motion for Summary Judgment is **DENIED.**


**Signed:    Emmet G. Sullivan**
**United States District Judge**
**March 10, 2005**